FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

2011 NOV 16  A 10: 15

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| CRISTY LEE RIPPLE<br>209 Good Drive<br>Martinsburg, West Virginia<br><br>Plaintiff,<br><br>v.<br><br>RAVI YALAMANCHILI, M.D.<br>8902 Babak Run<br>Frederick, Maryland<br><br><br>and<br><br><br>RAVI YALAMANCHILI, M.D.,<br>P.A. trading as Central Maryland<br>Neurosurgical, Spine Specialist<br>Serve: Ravi Yalamanchili, M.D.<br>    Registered Agent<br>    141 Thomas Johnson Dr.<br>    Suite 200<br>    Frederick, MD. 21702<br><br>Defendants. | Case No.: **WDQ 11 CV 3279** |

## COMPLAINT

Plaintiff, Cristy Lee Ripple (hereinafter "Ripple"), through her undersigned attorney, hereby files her Compliant for medical malpractice against Ravi Yalamanchili, M.D. ("Dr. Yalamanchili"), and Ravi Yalamanchili, M.D., P.A. trading as Central Maryland Neurosurgical, Spine Specialist ("Yalamanchili, PA") and states as follows:

### JURISDICITION AND VENUE

1.    This medical negligence claim was first timely instituted in the Maryland Health Care alternative Dispute Resolution Office on or about September 24, 2010 pursuant to Md. Cts. & Jud. Proc. Art. §3-2-01 -

1

§3-2A-10, for the recovery of damages due to medical injury suffered by Ripple against the health care providers, Dr. Yalamanchili and Yalamanchili, PA, which damages sought exceed more than the limit of concurrent jurisdiction of the District Court.

2. The Plaintiff timely filed her election to waive arbitration under applicable Maryland law. A copy of said election is attached hereto as Exhibit A. Accordingly, on or about November 3, 2011, Harry L. Chase Director of the Health Care Alternative Dispute Resolution Office issued an Amended Order of Transfer to the United States District Court for the District of Maryland. A copy of said Amended Order of Transfer is attached hereto as Exhibit B. This Complaint is timely filed.

3. At all times pertinent to the statement of claim, Dr. Yalamanchili, upon information and belief, was a citizen of the State of Maryland and licensed physician practicing medicine in Frederick, Maryland and acted, individually and/or as the actual and/or apparent agent, servant, and/or employee of Ravi Yalamanchili PA, a Maryland corporation. Dr. Yalamanchili provided surgical and other medical care to Ms. Ripple, a citizen of the State of West Virginia.

4. At all time pertinent to the statement of claim, Yalamanchili PA is and was a professional corporation organized in the State of Maryland, which operated a medical and surgical office in Frederick, Maryland, and which office is its principle place of business, providing, through its actual and/or apparent agents, servants and employees medical and surgical services to patients, including but not limited to Ms. Ripple.

5. Venue is proper in this Court by virtue of 28 USCS §1391 as jurisdiction is founded only on diversity of citizenship and a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Jurisdiction is based upon diversity of citizenship 28 USCS § 1332, in that the matter in controversy exceeds $75,000 and the parties are citizens of different states.

**STATEMENT OF FACTS**

7. On or before July 31, 2007, Ms. Ripple began suffering from severe back pain. On or about July 31, 2007 Ms. Ripple had a MRI performed which revealed a large disc protrusion at the L5-S1 vertebral space.

8. Ms. Ripple consulted Dr. Yalamanchili on or about September 27, 2007. Defendant Dr.Yalamanchili recommended a left L5-S1 diskectomy.

9. On or about October 4, 2007, Dr. Yalamanchili admitted Ms. Ripple to Frederick Memorial Hospital in Frederick, Maryland for a laminectomy at L5. Dr. Yalamanchili's operative report states that he performed a L5-S1 diskectomy and a L5 laminectomy.

10. Post-operatively, Ms. Ripple did not experience any improvement in symptoms from her pre-operative status.

11. A repeat MRI was performed on October 29, 2007 which revealed that the recent surgery was performed at the L4-L5 level not the L5-S1 level; however, Dr. Yalamanchili did not advise Ms. Ripple of this fact.

12. Additionally, there was a continuing disc protrusion at the L5-S1 level with impingement of the L5-S1 nerve root.

13. Ms. Ripple went to the emergency room on October 31, 2007 due to worsening leg pain and an inability to walk. Dr. Yalmanchili lied to Ms. Ripple telling her that she had a recurrence of the L5-S1 herniation.

14. There is no documentation in her chart and Ms. Ripple denies that she was ever informed by Dr. Yalamanchili, at any time, of the results of the recent MRI indicating the surgery was performed on the L4-L5 vertebral space.

15. As a result of being misinformed that she had a recurrence of the original problem and reasonably relying upon her doctor to report truthfully to her, she consented to surgery again by Dr. Yalamanchili. This surgery was performed on October 31, 2007. The operative report, October 31, 2007, documents a left L5-S1 recurrent diskectomy was performed. Ms Ripple continued to have pain and neurological symptoms after the second surgery.

3

16. Ms. Ripple was subsequently informed by a later treating physician that the original surgery (10/24/07) was performed on the wrong vertebral space.

17. An MRI on December 27, 2007 reveals that there continues to be a disc bulge at the L5-S1 level. An EMG (nerve) study performed on January 30, 2008 was moderately-severely abnormal.

18. Ms Ripple continues to have pain and neurological sequelae.

19. Dr. Yalamanchili breached the standard of medical care by failing to:

   a) Failing to adequately and properly perform surgery at the proper level;

   b.) Utilizing improper techniques in the failing to determine the proper level prior to surgery;

   c.) Failing to adequately and properly recognize that he was operating at the proper level;

   d.) Failing to properly and promptly inform Ms. Ripple of his error and the results of her MRI;

   e.) Failing to timely recognize and treat Ms. Ripple's condition;

   f.) Lying to his patient or in the alternatively negligently failing to recognize his error and deliberately or negligently failing to correct her chart to show an operation at L4-L5 vertebral space;

   g.) Failing to obtain proper informed consent prior to the second surgery; and,

   h.) The defendant was otherwise negligent.

20. At the aforesaid times and events constituting medical negligence or otherwise, Dr. Yalamanchili was acting in the scope of his employment for Yalamanchili PA. or as an actual or apparent agent.

21. As a direct and proximate cause of the Dr. Yalamanchili's (and by virtue of respondeat superior, Yalamanchili PA's) deviations from the applicable standard of care, as aforesaid, Ms. Ripple has experienced excruciating pain, discomfort, emotional anguish, has suffered and will continue to suffer temporary and permanent injury to her body; has incurred and will continue to incur medical bills and costs in an effort to be cured of her injuries; and has pecuniary damages (lost wages and/or loss of earnings); a second surgery at the correct level, among other damages.

22. The injuries and damages complained of herein were directly and proximately caused by the negligence and lack of care by the Dr. Yalamanchili (and/or Yalamanchili PA) with no negligence on the part of Ms. Ripple or anyone else contributing thereto.

WHEREFORE, Plaintiff, Cristy Lee Ripple, demands judgment against the Defendants Ravi Yalamanchili M.D. and Ravi Yalamanchili M.D. P.A. trading as Central Maryland Neurosurgical, Spine Specialist, jointly and severally, in the amount of SEVEN HUNDERD AND FIFTY THOUSAND--NO/100s Dollars ($750,000.00) , plus pre- and post judgment interest, her costs expended and such other and further relief as the Court shall deem in the interest of justice proper.

TRIAL BY JURY DEMANDED.

Respectfully submitted,
Cristy Lee Ripple
By Counsel

Thorsey Law Firm, PLLC.

By: _____
A. Richard Thorsey
Md. Fed. Bar No. 08952
12120 Sunset Hill Road, Suite 150
Reston, Virginia 20190
(703)668-0111 telephone
(703) 668-0113 facsimile
Email: rich@thorseylaw.com

A. Richard Thorsey
Thorsey Law Firm, PLLC

12120 Sunset Hill Road Ste 150
Reston, VA 22090
(703)273-4347
(703)273-4361